UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

EPICUREAN DEVELOPMENTS, L.L.C., and
THE CLUB AT 4200,                                          Case No. 16-10609

    Plaintiffs,                                          Honorable John Corbett O'Meara

v.

SUMMIT TOWNSHIP,

    Defendants.
_____/

**OPINION AND ORDER GRANTING
DEFENDANT'S MOTION TO DISMISS BASED ON ABSTENTION**

This matter came before the court on defendant Summit Township's March 24, 2016 Motion to Dismiss Based on Abstention and Lack of Ripeness. Plaintiffs Epicurean Developments and The Club at 4200 filed a response April 14, 2016; and Defendant filed a reply brief April 28, 2016. Oral argument was heard May 19, 2016.

**BACKGROUND FACTS**

This case arises out of the attempts by Plaintiffs to obtain building permits and approvals to use property located at 4200 Spring Arbor Road, Summit Township, Michigan, for a proposed "swingers club," which defendant Summit Township has found to be a violation of the Township Zoning Ordinance. The Township has issued a stop work order to enforce its ordinance.

In late January 2015, Plaintiffs applied to the Township to use the property as a "club." The township zoning board initially allowed internal building renovations. However, after the Township later learned that the intended use of the property was for a swingers club, the Township Zoning Administrator determined that the proposed use was not permitted in the C-2 District under the

"Clubs and Lodges" category. In March 2015, the Township hand-delivered a stop work order, directing Plaintiffs to halt all work on the property, rescinding Plaintiffs' Application for Site Plan Review, and suspending all building, mechanical, electrical and/or plumbing permits for the property.

Plaintiffs did not appeal the stop work order to the zoning board; instead, they filed a lawsuit in Jackson County Circuit Court, seeking a writ of mandamus and a preliminary injunction based on federal and state law claims. The Township moved for dismissal, asserting that Plaintiffs had not obtained a final decision and their claims were not ripe. The circuit court granted the motion and dismissed Plaintiffs' complaint August 19, 2015. Plaintiffs appealed the dismissal to the Michigan Court of Appeals, and that appeal is pending.

Following dismissal of their initial state court complaint, Plaintiffs submitted a request to the Zoning Board of Appeals ("ZBA") for an interpretation regarding permitted uses within the classification "Clubs and Lodges." The ZBA subsequently approved a motion that Plaintiffs' proposed swingers club was not a use included within the definition of "Clubs and Lodges" and was not a permitted use in the C-2 District. In December 2015, Plaintiffs filed a second lawsuit in Jackson County Circuit Court based on the ZBA's decision. That action, too, is currently pending in state court.

Plaintiffs filed a third lawsuit in this court February 18, 2016, alleging federal and state law claims relating to the Township's stop work order, the ZBA's final decision, and the Township's actions in response to Plaintiffs' attempts to obtain approval for their proposed use of the property. On March 18, 2016, this court *sua sponte* dismissed Plaintiffs' state law claims. Defendant

Township has filed a motion to dismiss based on abstention, under both Younger and Colorado River, and lack of ripeness.

## LAW AND ANALYSIS

A federal court may abstain from exercising its jurisdiction in limited circumstances. New Orleans Pub. Serv. Inc. v. Council of City of New Orleans, 491 U.S. 350, 361-63 (1989). Under Colorado River Water Conservation Dist. v. United States, 424 U.S. 800 (1976), federal courts abstain from deciding a federal action where there is a pending state proceeding and when other abstention doctrines are not applicable. Colorado River abstention avoids duplicative and piecemeal litigation and requires a balancing of factors focusing on conserving judicial resources and providing complete relief to the parties. Romine v. Compuserve Corp., 160 F.3d 337, 340 (6th Cir. 1998).

A threshold question in Colorado River abstention is whether there are parallel state and federal proceedings that involve similar parties and issues. Crowley v. Hamilton Cnty. Comm'rs, 744 F.2d 28, 31 (6th Cir. 1984). Factors to be considered in Colorado River abstention include the following: "(1) whether the state court has assumed jurisdiction over any *res* or property; (2) whether the federal forum is less convenient to the parties; (3) avoidance of piecemeal litigation; (4) the order in which jurisdiction was obtained . . .; (5) whether the source of governing law is state or federal; (6) the adequacy of the state court action to protect the federal plaintiff's rights; (7) the relative progress of the state and federal proceedings; and (8) the presence or absence of concurrent jurisdiction." Romaine, supra, at 340-41. In addition, a court may consider whether a litigant is attempting to forum shop for a more receptive court. Cherry Ridge, L.L.C. v. Canton Charter Twp., 2013 WL 5651423, p. 4 (E.D. Mich. 2013).

In this case there are parallel state and federal lawsuits involving the same parties, and they all arise from the Township's zoning ordinance and how Plaintiffs' proposed use is regulated. The court finds there is a substantial risk of piecemeal litigation, duplicative litigation, and inconsistent results unless it chooses to abstain from exercising jurisdiction. "Piecemeal litigation occurs when different courts adjudicate the identical issue, thereby duplicating judicial effort and potentially rendering conflicting results." Romaine, 160 F.3d at 341.

Plaintiffs' federal complaint was filed pursuant to 42 U.S.C. § 1983, alleging deprivations of their due process, equal protection and First Amendment rights resulting from the stop work order and the Township's interpretation of its zoning ordinance. Likewise, Plaintiffs' state court complaints allege similar violations of their procedural and substantive due process rights, as well as their right to free speech. Both courts are being asked to determine whether the Township's actions deprived Plaintiffs of their constitutional rights. Litigating those issues in both courts would be duplicative and would result in piecemeal litigation.

Moreover, Plaintiffs chose to file not one but two cases in state court long before filing this case in federal court. This factor weighs in favor of abstention. In addition, all three lawsuits initially involved a mix of state and federal law. However, this court has dismissed Plaintiffs' state law claims. The state courts are capable of deciding Plaintiffs' federal constitutional claims as well, since those rights are similar to the rights protected under Michigan's Constitution. In fact, Plaintiffs' state court lawsuits also seek relief under federal law. Therefore, Plaintiffs have an adequate opportunity to raise all of their claims, including those federal claims, in the state court proceedings.

Furthermore, Plaintiffs' state court lawsuits have progressed further than this federal action. Plaintiffs' initial case has already been adjudicated at the trial court and has reached the state appellate court. In Plaintiffs' second state lawsuit, the parties have completed briefing the issues. Therefore, this factor favors abstention by this court.

The location of the state and federal courts are nearly equally convenient for the parties. The federal court in Ann Arbor is less than an hour from the state court in Jackson, Michigan. Finally, as previously stated, the state courts have concurrent jurisdiction over the subject matter of all three cases; and this court has already dismissed Plaintiffs' state law claims.

After analyzing all of the factors outlined in Colorado River, the court finds that this is an exceptional case which strongly favors abstention in order to avoid duplicative or piecemeal litigation over Plaintiffs' claims. Litigating the claims in state court will conserve judicial resources as well as provide complete relief to the parties.

## ORDER

It is hereby **ORDERED** that defendant Summit Township's March 24, 2016 motion to dismiss is **GRANTED.**

s/John Corbett O'Meara
United States District Judge

Date: May 24, 2016

I hereby certify that a copy of the foregoing document was served upon counsel of record on this date, May 24, 2016, using the ECF system.

s/William Barkholz
Case Manager